E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $2,000,000.00 IN BANK FUNDS IN BANK OF AMERICA ACCOUNT '3095, $992,751.84 IN BANK FUNDS IN U.S. BANK ACCOUNT '6297, $541,918.00 IN BANK FUNDS IN CAPITAL ONE ACCOUNT '3120, $498,782.61 IN BANK FUNDS IN CAPITAL ONE ACCOUNT '5450, $986,521.34 IN BANK FUNDS IN JP MORGAN CHASE BANK ACCOUNT '6707, AND $705,010.92 IN BANK FUNDS IN BANK OF AMERICA ACCOUNT '3272, <br><br> Defendants. | Case No. 2:23-cv-06746 <br><br> <u>VERIFIED COMPLAINT FOR FORFEITURE</u> <br><br> 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984 <br><br> [H.S.I] |

Plaintiff United States of America brings this claim against defendants $2,000,000.00 in Bank Funds in Bank of America Account

'3095, $992,751.84 in Bank Funds in U.S. Bank Account '6297, $541,918.00 in Bank Funds in Capital One Account '3120, $498,782.61 in Bank Funds in Capital One Account '5450, $986,521.34 in Bank Funds in JP Morgan Chase Bank Account '6707, and $705,010.92 in Bank Funds in Bank of America account '3272, and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984.

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this District pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America ("plaintiff" or the "government").

5. The defendants are:

a. $2,000,000.00 in Bank Funds seized from Bank of America account number ending '3095 in the name of BOJ LLC, by the United States Department of Homeland Security – Homeland Security Investigations ("HSI"), on or about November 8, 2021 at 200 East Anaheim Street, Long Beach, California pursuant to a federal seizure warrant (the "x3095 Funds");

b. $992,751.84 in Bank Funds seized from U.S. Bank account number ending '6297 in the name of National Fiduciary Services LLC ("National Fiduciary") by HSI on or about April 29, 2022 at 4350 Pacific Coast Highway, Torrance, California pursuant to a federal seizure warrant (the "x6297 Funds");

c. $541,918.00 in Bank Funds seized from Capital One account number ending '3120 in the name of Tigris LLC by HSI on or

2

about May 2, 2022 at 6801 Hollywood Blvd., Los Angeles, California pursuant to a federal seizure warrant (the "x3120 Funds");

        d.   $498,782.61 in Bank Funds seized from Capital One account number ending '5450 in the name of Victim B.K. by HSI on or about May 2, 2022 at 6801 Hollywood Blvd., Los Angeles, California pursuant to a federal seizure warrant (the "x5450 Funds");

        e.   $986,521.34 in Bank Funds seized from JP Morgan Chase Bank ("Chase") account number ending '6707 in the name of Enterprise Leasing LLC by HSI on or about May 11, 2022 at 23220 Hawthorne Blvd., Torrance, California pursuant to a federal seizure warrant (the "x6707 Funds"); and

        f.   $705,010.92 in Bank Funds seized from Bank of America account number ending '3272 in the name of Castle Hill Development LLC by HSI on or about May 18, 2022 at 4206 Pacific Coast Highway, Torrance, California pursuant to a federal seizure warrant (the "x3272 Funds," and collectively, the "Defendant Funds").

   6.   The Defendant Funds are currently in the custody of the United States Customs and Border Protection in this District, where they will remain subject to this Court's jurisdiction during the pendency of this action.

   7.   The interests of the Small Business Administration, BOJ LLC, National Fiduciary, Tigris LLC, Enterprise Leasing LLC, Castle Hill Development LLC, B.K., Kabbage Inc., American Lending Center, National Development Council and Bluevine Inc., may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

*Summary of the Scheme Alleged*

8.   Starting in August of 2020, a criminal fraud group submitted multiple fraudulent loan applications through the Paycheck Protection Program ("PPP") established by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and based on these fraudulent applications, which included forged documents and material misrepresentations, obtained millions of dollars in disaster aid.

9.   The schemers' modus operandi in executing this scheme was as follows: first, the schemers would open bank accounts in the name of stolen identities, or shell companies purportedly owned by these stolen identities.  The schemers would then apply for PPP loans on behalf of the shell companies, using fake or doctored identification documents, altered bank statements, and falsified IRS forms, and identifying persons whose identity had been stolen as the shell companies' owners.  These false PPP applications would typically claim that the loan proceeds would be used for payroll costs and the shell companies had hundreds of employees, when in fact, the shell companies were used solely for fraudulent purposes (namely, to acquire PPP loan proceeds) and conducted no business operations whatsoever.  The PPP loan proceeds would then be received into the shell companies' bank accounts, which had been opened with applications stating that identity theft victims were the sole authorized account signers.  The schemers submitted the fraudulent PPP loan applications using virtual private servers and prepaid cell phones purchased using prepaid debit cards acquired from common stores within Los Angeles County, California.

***Background on the Paycheck Protection Program***

10. The CARES Act is a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through the PPP. In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

11. In order to obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business under penalty of perjury. The PPP loan application process required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.

12. In the PPP loan application, the business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

13. PPP loan proceeds must be used by the business on certain permissible expenses - payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds

5

on these expense items within a designated period and uses a specific percentage of the PPP loan proceeds on payroll expenses.

### *BOJ LLC Applies for a PPP Loan Using T.C.'s Stolen Identity*

14. In March of 2021, persons unknown submitted a PPP loan application on behalf of BOJ LLC to American Lending Center.

15. The application was for a loan of $2,000,000.00 and claimed that the full amount would be used for payroll. The application stated that BOJ LLC had 248 employees and operated in the farming industry.

16. The following documents or files were uploaded, by wire, and by someone using the stolen T.C. identity, in support of the American Lending Center application:

    a. A scanned copy of an Illinois driver's license purportedly for T.C. This document was materially false, and contained a photograph of a white male and reflected a date of birth in 1955.

    b. A scanned copy of an Internal Revenue Service ("IRS") Form 1120 ("U.S. Income Tax Return for an S Corporation") which listed the business name BOJ LLC, an EIN ending in '7426 and for tax year 2019. This document was materially false, and the EIN provided was invalid.

    c. An electronic copy of an IRS Form SS-4 ("Assignment of an Employer Identification Number") which listed the business name BOJ LLC, and an EIN ending in '7426. This document was materially false, and the EIN provided was invalid.

d. A purported monthly account statement for February 2020 for the account from which the x3095 Funds were seized, which stated that the account had an ending balance of $398,279.60 that month. This account statement was materially false, as there was no significant activity in the x3095 Account until April 13, 2021, when the PPP loan was funded as set forth below.

17. The American Lending Center application requested that the loan funds be deposited to a Bank of America ("BofA") account in the name of BOJ LLC, with an account number ending in '3095 (the "3095 Account").

18. The 3095 Account had been opened using the identity of A.W., who was purportedly BOJ LLC's sole owner and chief executive officer. In fact, A.W.'s identity had been stolen: the real A.W. resided in Hawaii when the '3095 Account was opened, and is unaffiliated with BOJ LLC.

19. On or about April 13, 2021, based on the PPP loan application, American Lending Center deposited $2,000,000.00 into the 3095 Account. As set forth in paragraph 5a above, the x3095 Funds (i.e., $2,000,000.00) were seized from the 3095 Account on or about November 8, 2021.

**National Fiduciary Applies for a PPP**

**Loan Using B.K.'s Stolen Identity**

20. In May 2021, persons unknown submitted a PPP loan application to National Development Council on behalf of National Fiduciary.

21. The application was for a loan in the amount of $1,935,155.00 and claimed that the full amount would be used for

7

payroll costs.  The application stated that National Fiduciary had 240 employees, and was located in Albuquerque, NM.

22. B.K. was listed as the sole owner of National Fiduciary. In fact, B.K.'s identity had been stolen, and the real B.K. had been imprisoned overseas since at least mid-2020.

23. The following files were uploaded, by wire and by someone using the stolen B.K. identity, in support of National Fiduciary's PPP loan application:

    a.   A scanned copy of a Nevada driver's license for B.K. This document was materially false, as the driver's license number, photograph, and issuance and expiration dates in this document had been altered.

    b.   A scanned copy of a tax year 2019 IRS Form 1120 which listed the business name National Fiduciary, and an EIN ending in '5623. This document was materially false, and the EIN provided was invalid.

    c.   A scanned copy of a tax year 2019 IRS Form W-3 which listed the business name National Fiduciary, and an EIN ending in '5623. This document was materially false, and the EIN provided was invalid.

24. On or about June 9, 2021, based on National Fiduciary's PPP loan application, National Development Council deposited $1,935,155.00 into a BofA account in the name of National Fiduciary and which listed B.K. as the account's sole authorized signer (the "National Fiduciary BofA Account").

25. After the $1,935,155.00 was deposited on or about June 9, 2021 into the National Fiduciary BofA Account:

     a. A check for $992,751.84 drawn on that account was deposited into a U.S. Bank account held in the name National Fiduciary and with an account number ending '6297. As set forth in paragraph 5b above, the x6297 Funds (i.e., $992,751.84) were seized from the U.S. Bank account on or about April 23, 2022.

     b. A check for $498,782.61 drawn on that account was deposited into a Capital One account held in the name of B.K. and with an account number ending in 5450. As set forth in paragraph 5d above, the x5450 Funds (i.e., $498,782.61) were seized from the Capital One account on or about May 2, 2022.

### Enterprise Leasing Applies for a PPP Loan Using J.M.'s Stolen Identity

26. In May 2021, persons unknown submitted a PPP loan application to National Development Council on behalf of Enterprise Leasing.

27. The application was for a loan in the amount of $1,812,989.00 and claimed that the full amount would be used for payroll costs. The application stated that Enterprise Leasing had 241 employees, was located in Newport News, Virginia, and was in the data processing, hosting, and related services industry.

28. J.M. was listed as the sole owner of Enterprise Leasing. In fact, J.M.'s identity had been stolen and the real J.M. was overseas between 2017 and 2023.

29. The following files were uploaded, by wire, by someone using the stolen J.M. identity, in support of Enterprise Leasing's PPP loan application:

     a. A scanned copy of a North Carolina driver's license for J.M. This document was materially false as it had been altered:

J.M.'s true North Carolina driver's license had expired in 2018 while J.M. remained overseas.

   b. A scanned copy of a tax year 2019 IRS Form 1120 which listed the business name Enterprise Leasing, and an EIN ending in '8216. This document was materially false, and the EIN provided was invalid.

   c. A Limited Liability Operating Agreement for Enterprise Leasing signed by J.M. on May 18, 2017, while J.M. remained overseas. This document was materially false.

  30. On or about June 14, 2021, based on Enterprise Leasing's PPP loan application, National Development Council deposited $1,812,989.00 into a BofA account in the name of Enterprise Leasing and which listed C.G., an individual whose identity had been stolen and was incarcerated overseas, as the account's sole authorized signer (the "Enterprise BofA Account").

  31. After the $1,812,989.00 was deposited on or about June 14, 2021 into the Enterprise BofA Account, checks for $497,812.61 and $488,708.73, respectively, and totaling $986,521.34 drawn on that account were deposited into a Chase Bank account held in the name of Enterprise Leasing LLC and with an account number ending '6707. As set forth in paragraph 5e above, the x6707 Funds (i.e., $986,521.34) were seized from the Chase Bank account on or about May 11, 2022.

**Persons Unknown Apply for a PPP Loan**

**In Identity Theft Victim R.C.'s Name**

  32. In June 2020, persons unknown submitted a PPP loan application to Bluevine Inc. on behalf of R.C.

33. The application was for a loan in the amount of $745,254.00 and claimed that the full amount would be used for payroll, rent/mortgage, and utilities costs.

34. R.C. was listed on the application as a sole proprietor. In fact, R.C.'s identity had been stolen. The real R.C. was imprisoned at the time the PPP loan application was submitted. In addition, R.C's identity had been used to open (i) a BofA account in the name of Castle Hill Development LLC and an account number ending '3272 (the "x3272 BofA Account") on or about February 27, 2020; and (ii) a Chase bank account in the name of R.C. (the "R.C. Chase Account") on or about March 4, 2020.

35. On or about July 8, 2020, based on the PPP application, Bluevine Inc. deposited $745,254.00 into the R.C. Chase Account. The next day, July 9, 2020, $742,500.00 was transferred from the R.C. Chase Account to the x3272 BofA Account. As set forth in paragraph 5f above, the x3272 Funds (i.e., $705,010.92) were seized from the x3272 BofA Account on or about May 18, 2022.

### Tigris LLC Applies For A PPP Loan Using M.C.'s Stolen Identity

36. In June 2020, persons unknown submitted a PPP loan application to Kabbage Inc. on behalf of Tigris LLC.

37. The application was for a loan in the amount of $1,988,400.00 and claimed the full amount would be used for payroll costs. The application stated that Tigris LLC had 237 employees, and was in the telemarketing and contact center industry.

38. M.C. was listed as the sole owner of Tigris LLC. In fact, M.C.'s identity had been stolen, and the real M.C. had been missing since January 2019.

39. The following files were uploaded, by wire, by someone using the stolen M.C. identity, in support of Tigris' PPP loan application:

    a.   A scanned copy of a Florida driver's license for M.C.

    b.   A scanned copy of a tax year 2019 IRS Form 940 (Employer's Annual Federal Unemployment Tax Return) which listed the business name Tigris LLC and an EIN ending in '2675. This document was materially false, and the EIN provided was invalid.

    c.   A tax year 2020 IRS Form 941 (Employer's Quarterly Federal Tax Return) which listed the business name Tigris LLC, EIN ending in '2675. This document was materially false, and the EIN provided was invalid.

40. On or about July 23, 2020, based on Tigris, LLC's PPP loan application, Kabbage Inc. deposited $1,729,468.00 into a Capital One Bank account in the name of Tigris LLC, which has an account number ending in '3120 and for which M.K., an individual whose identity had been stolen and resided in Virginia, was listed as the account's sole authorized signer. As set forth in paragraph 5c above, the x3120 Funds (i.e., $541,918.00) were seized from the Capitol One account on or about May 2, 2022.

**Tracing Of The Defendant Funds Identified In Paragraph 5a**

41. Paragraph 5 above identifies the Defendant Funds, which are proceeds of the illegal activity as alleged above. The tracing of the defendants to the illegal activity, is set forth above and referenced by the relevant paragraphs of the complaint below:

| Defendant | Tracing |
|---|---|
| $2,000,000.00 identified in ¶ 5a. | See ¶ 19. |
| $992,751.84 identified in ¶ 5b. | See ¶ 25a. |

|   |   |
|---|---|
| $541.918.00 identified in ¶ 5c. | See ¶ 40. |
| $498,782.61 identified in ¶ 5d. | See ¶ 25b. |
| $986,521.34 identified in ¶ 5e. | See ¶ 31. |
| $705,010.92 identified in ¶ 5f. | See ¶ 35. |

## FIRST CLAIM FOR RELIEF

42. Based on the facts set forth above, plaintiff alleges that the Defendant Funds constitute or are derived from proceeds traceable to, or a conspiracy to commit violations of 18 U.S.C. §§ 1028(a)(7) (identity theft), 1343 (wire fraud) and/or 1344 (bank fraud), each of which are specified unlawful activity as defined in 18 U.S.C. §§ 1956(C)(7)(A) and 1961(1)(D). The Defendant Funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). In addition, to the extent that the Defendant Funds are not the actual monies directly traceable to the illegal activity identified herein, plaintiff alleges that the Defendant Funds are identical property found in the same account or place as the property involved in the specified offense, rendering the Defendant Funds subject to forfeiture pursuant to 18 U.S.C. § 984.

## SECOND CLAIM FOR RELIEF

43. Based on the facts set forth above, plaintiff alleges that the Defendant Funds constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C § 1956(a)(1)(A)(i) or (a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being violations of 18 U.S.C. §§ 1028(a)(7) (identity theft), 1343 (wire fraud) and/or 1344 (bank fraud). The Defendant Funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

13

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the Defendant Funds;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the Defendant Funds to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: August 17, 2023

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

*/s/ Dan G. Boyle*
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, ERIC T. BROWN, hereby declare that:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations and the case agent for the forfeiture matter entitled <u>United States of America v. $2,000,000.00 Funds in Bank of America Account '3095, et al</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 7, 2023 in Torrance, California.

_____
ERIC T. BROWN
Department of Homeland Security
Homeland Security Investigations

15